NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CONSTANTINO BASILE,

Plaintiff-Appellant,

v.

TWENTIETH CENTURY FOX FILM
CORPORATION, a Delaware corporation;
et al.,

Defendants-Appellees.

No. 14-56423

D.C. No. 2:14-cv-04263-DMG-
JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Constantino Basile appeals pro se from the district court's order dismissing

his action alleging that defendants' movie *Prometheus* infringed upon his

copyrighted works "Crisis on Jupiter" and "The World of Jupiter." We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Basile's copyright infringement claim because there is no substantial similarity, as a matter of law, between protected elements of Basile's copyrighted works and comparable elements of defendants' film, and any similarities in the general concepts are unprotected. *See Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076-78 (9th Cir. 2006) (absent direct copying, a plaintiff must show substantial similarity to prevail on a copyright infringement claim); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002) ("Scenes-a-faire, or situations and incidents that flow necessarily or naturally from a basic plot premise, cannot sustain a finding of infringement."); *Berkic v. Crichton*, 761 F.2d 1289, 1292-94 (9th Cir. 1985) (setting forth factors to determine substantial similarity).

The district court did not abuse its discretion in taking judicial notice of documents registered with the U.S. Copyright Office, *see* Federal Rule of Evidence 201(b)(2); *see also Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (setting forth standard of review), or in failing to consider evidence

2

irrelevant to the dispositive legal issue of whether there was substantial similarity between the works, *see Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164-66 (9th Cir. 1995) (setting forth standard of review and discussing relevance).

Basile waived any challenge to the dismissal of his trademark infringement claim by failing to raise an argument in his opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

**AFFIRMED.**